## LEEDS vs. HOLMES.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of he court. The plaintiff purchased by two separate acts of sale, all the right, title, and interest of C. C. Whitman & Co. to the Orleans

The vendee of a partnership stock & credits, cannot sue one of the partners (vendors) for charges against that partner on the books of the partnership.

Eastern Dist. Foundry, and all their right, title, interest and
*April*, 1828. claim to the debts due to said firm.

LEEDS
*vs.*
HOLMES.

On the books of that firm there appeared a debt due by one of the partners, Holmes, from whom the plaintiff had purchased. This debt the plaintiff contends, he bought with the others due to the partnership, and is entitled by the terms of the sale made him, to demand and receive the amount of it from the defendant.

It is difficult to believe that the debts due by the individual members of the firm, entered into the consideration of the contract. In any event, the plaintiff could only recover two-thirds of it, for Holmes, who is now sued, was one of the partners: one third of it was his, and he could not sell a debt due by himself.

But the case need not, and cannot be, considered on that ground. The vendors could transfer no greater right than they had themselves. That right, as between each other, was restricted to any balance that might be due on a general settlement of the partnership accounts. No particular debt due by one of the partners on the books could be selected and made the basis of a suit: they could not give the plaintiff a right they did not possess themselves.

Eastern Dist
*April*, 1828.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be affirmed with costs.

*Carleton* and *Lockett* for the plaintiff;—*Mercier* and *Buchanan* for the defendant.